UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

TEDDY NICHOLS,

        Plaintiff,

-vs-                                      Case No: C-1-02-0045

INDIANA MICHIGAN POWER COMPANY
RIVER TRANSPORTATION DIVISION and/or
AMERICAN ELECTRIC POWER FUEL SUPPLY,
RIVER TRANSPORTATION DIVISION
Jointly and severally,

        Defendants.
_____/

### PLAINTIFF'S MOTION FOR ORDER GRANTING PLAINTIFF LEAVE TO FILE HIS THIRD AMENDED COMPLAINT

NOW COMES Plaintiff, TEDDY NICHOLS, by and through counsel undersigned, O'BRYAN BAUN COHEN KUEBLER, and hereby moves this Honorable Court for order granting leave to file his Third Amended Complaint pursuant to F.R.C.P. 15(a)(b) (a copy of which is attached hereto as Exhibit A) for reasons more particularly set forth within the attached Memorandum in Support of this Motion.

                                                        s/ Gary Wm. Baun
                                                        Gary Wm. Baun (P28758)
                                                        Kirk E. Karamanian (#0063787) TA
                                                        O'BRYAN BAUN COHEN KUEBLER
                                                        401 S. Old Woodward
                                                         Ste. 320
                                                        Birmingham, MI 48009
                                                         Telephone:    248-258-6262
                                                        Facsimile:     248-258-6047
                                                        gbaun@obryanlaw.net
                                                        kkaramanian@obryanlaw.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

TEDDY NICHOLS,

    Plaintiff,

-vs-                                              Case No: C-1-02-0045

INDIANA MICHIGAN POWER COMPANY
RIVER TRANSPORTATION DIVISION and/or
AMERICAN ELECTRIC POWER FUEL SUPPLY,
RIVER TRANSPORTATION DIVISION
Jointly and severally,

    Defendants.
_____/

**<u>MEMORANDUM IN SUPPORT OF</u>**
**<u>PLAINTIFF'S MOTION FOR ORDER GRANTING PLAINTIFF LEAVE TO</u>**
**<u>FILE HIS THIRD AMENDED COMPLAINT</u>**

    The subject cause of action is maritime personal injury in nature, and arises from an incident of injury which occurred on August 27, 2001, while Mr. Nichols was acting within the scope and course of his employment for Defendant as a crewmember of the M/V LAKIN TERMINAL in the capacity of deckhand. Mr. Nichols claims that the subject incident occurred when his co-worker Timothy Ramey handed the upper pull cable to him without sufficient slack and the cable jerked his shoulder violently causing injury. Mr. Nichols further claims that as a result of the subject incident, he sustained severe and permanently disabling injuries to his cervical spine in the nature of herniated discs of the C5-C6 and C6-C7 levels, as well as to his right shoulder including torn rotator cuff, superior labral tear, and right shoulder impingement. At deposition, Mr. Nichols testified that he had experienced this type of occurrence in the

past where he had not received sufficient slack on the upper pull cable, and it had jerked him hard enough to cause him to fall. (Teddy Nichols Dep., p. 65 line 17 -p. 67 line 21). While prior to August 27, 2001, Mr. Nichols had never complained of traumatic injury from his experience, Mr. Nichols' primary treating physicians have testified that repetitive traumatic events of the type Mr. Nichols described might be consistent with injuries suffered by Mr. Nichols including labral tear of his right shoulder, (Robert W. McCleary, Jr., D.O. Dep., p. 45 lines 4-22), and herniation of cervical discs at C5-6 and C6-7 (Larry Todd, D.O. Dep., p. 13 line 3-16). In fact, co-employees including deckhands and crane operators Timothy Ramey and Charles Johnson had complained that prior to Mr. Nichols accident, the boat operators and crane operators were not providing enough slack and the deckhands were being jerked violently enough to be almost pulled off the barge into the river on numerous occasions. (Charles Johnson Dep., p. 17 lines 3-p. 19 line 12 and p. 30 line 5-p. 31 line 17; Timothy Ramey Dep., p. 22 line 1-p. 25 line 22, p. 44 line 18 and p. 46 line 16-p. 47 line 3; Mark Clay Dep., p. 64 line 21 and p. 65 line 2). Unfortunately, the complaints of the deckhands went unheeded and the unsafe practice of not providing enough slack or adequate manpower continued unabated resulting in injury to Plaintiff Teddy Nichols.

The Jones Act grants any seaman who shall suffer personal injury in the course of his employment, the right to seek damages in a jury trial against his employer in the same manner as the FELA allows claims by railroad employees. Although specific standards of care are not stated in the statute, certain employer duties have become integral parts of the FELA. These include the duty to provide a reasonably safe place to work, Bailey v Central V. R.R., 319 U.S. 350, 352-53, 63 S.Ct. 1062, 1063-64 (1943); Atchison, Topeka & Santa Fe Ry. v Buell, 480 U.S. 557, 558, 107 S.Ct. 1410, 1411 (1987).

Rules that govern the liability of railroads under the Federal Employers' Liability Act (FELA) also

3

serve to govern liability of shipowners under the Jones Act. Yehia v Rouge Steel Corporation, 898 F.2d 1178, 1184 (6th Cir. 1990); Tolar v Kinsman Marine Transit Co., 618 F.2d 1193, 1196 (6th Cir. 1980). While a vessel owner has a duty to use ordinary care to protect employees from known dangers, a vessel owner breaches its duty to employees by failing to provide a safe working environment if it knew or should have known that it was not acting adequately to protect its employees. Urie v Thompson, 337 U.S. 163, 174, 69 S.Ct. 1018, 1027 (1949); Aparicio v Norfolk & Western Railway Co., 84 F.3d 803, 811 (6th Cir. 1966). An employee's claim under the Jones Act does not depend on a showing that an injury was caused by a particular negligent act, but may be caused by the cumulative affect of a series of incidents. Fletcher v Union Pacific Railroad Co., 621 F.2d 902, 909 (8th Cir. 1980); Fowkes v Pennsylvania R.R., 264 F.2d 397, 399 (3rd Cir. 1959). A vessel owner has a duty to assign employees to work for which they are reasonably suited. A vessel owner breaches that duty if it negligently assigns an employee to perform work beyond his capacity. A vessel owner is negligent if it knew or should have known that its work assignments exposed the employee to an unreasonable risk of harm. Fletcher v Union Pacific Railroad Co., 621 F.2d 902, 909 (8th Cir. 1980); Fogg v National Railroad Passenger Corp., 585 A.2d 786, 789 (D.C. Court of Appeals 1991).

    F.R.C.P. 15(a) states in pertinent part:

> "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In the instant case, Plaintiff's action accrued when he knew in the exercise of reasonable diligence should have known of his injuries and their cause. Fonseca v Consolidated Rail Corporation, 246 F.3d 585 (6th Cir. 2001). Although Mr. Nichols had on a number of occasions prior to August 27, 2001

complained of the fact that the upriver pull cable was jerking him, he did not complain to any medical provider or his employer that he had sustained injury prior to August 27, 2001. In fact, there is no evidence to suggest that Mr. Nichols complained of, reported, or sought treatment for injuries prior to August 27, 2001. Thus, the applicable Statute of Limitations in this action did not accrue until August 27, 2001 and runs three (3) years until August 27, 2004, almost a year from now. Since Plaintiff could file a separate and distinct action prosecuting separate claims for negligent assignment and repetitive trauma, judicial economy dictates that Plaintiff be granted leave to file a third amended complaint adding counts for negligent assignment and repetitive trauma so that these and related issues can be adjudicated efficiently and economically in one proceeding.

Plaintiff's counsel has sought concurrence for the relief requested from defense counsel through stipulation for order granting Plaintiff leave to file a third amended complaint; however, this request was denied.

WHEREFORE, Plaintiff prays that this Honorable Court issue order granting Plaintiff leave to file his Third Amended Complaint adding claims for negligent assignment and repetitive trauma as specifically set forth and pled in his Third Amended Complaint attached hereto as Exhibit A.

                                              s/ Gary Wm. Baun
Gary Wm. Baun (P28758)
Kirk E. Karamanian (#0063787) TA
O'BRYAN BAUN COHEN KUEBLER
401 S. Old Woodward
Ste. 320
Birmingham, MI 48009
Telephone:    248-258-6262
Facsimile:    248-258-6047
gbaun@obryanlaw.net
kkaramanian@obryanlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September 2003, a copy of the foregoing Plaintiff's Motion for Order Granting Plaintiff Leave to File His Third Amended Complaint and Memorandum in Support was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> s/ Gary Wm. Baun
> Gary Wm. Baun (P28758)
> Kirk E. Karamanian (#0063787) TA
> O'BRYAN BAUN COHEN KUEBLER
> 401 S. Old Woodward
> Ste. 320
> Birmingham, MI 48009
> Telephone:    248-258-6262
> Facsimile:    248-258-6047
> gbaun@obryanlaw.net
> kkaramanian@obryanlaw.net