UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

TEDDY NICHOLS,

      Plaintiff,

-vs-                                      Case No:      C-1-02-0045

INDIANA MICHIGAN POWER COMPANY
RIVER TRANSPORTATION DIVISION and/or
AMERICAN ELECTRIC POWER FUEL SUPPLY,
RIVER TRANSPORTATION DIVISION
Jointly and severally,

      Defendants.
_____/

## THIRD AMENDED COMPLAINT

      NOW COMES Plaintiff, TEDDY NICHOLS, by and through counsel undersigned, O'BRYAN BAUN COHEN KUEBLER, and complains against Defendants as follows:

      1.     Jurisdiction and venue lie with this Court, as Defendants conduct business within this forum's boundaries.

      2.     Plaintiff pleads these as admiralty and maritime claims within the meaning of F.R.C.P. 9(h) seeking relief from this Court within its admiralty and maritime jurisdiction.

      3.     This Court obtains original subject matter jurisdiction pursuant to 28 U.S.C. § 1333(a) as this matter is being prosecuted against Defendants pursuant to the Jones Act (46 U.S.C. § 688 et seq.) for negligence, and further under the General Admiralty and Maritime Law for unseaworthiness and

maintenance and cure.

## COUNT I
## CLAIMS FOR JONES ACT NEGLIGENCE AND UNSEAWORTHINESS

4. At all times material and relevant to issues herein, Plaintiff was employed by Defendants as a crewmember aboard their vessel the M/V LAKIN TERMINAL with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of his ship.

5. On or about August 28, 2001 while acting within the scope and course of his employment with Defendants, Plaintiff was required to handle certain locklines and rigging wires aboard the M/V LAKIN TERMINAL without sufficient, adequate, and safe equipment and/or sufficient and competent supervision, manpower, work and safety procedures, when he was caused to contort his body suffering severe and permanent injuries to his neck, back and shoulders.

6. The above described incident and Plaintiff's resulting injuries, disability and damage were caused by the negligence of Defendants and the unseaworthiness of the M/V LAKIN TERMINAL including but not limited to the following:

   a. Failure to provide sufficient, adequate, and safe equipment and appliances for transferring locklines and/or handling locklines and/or wire rope riggings in safety;

   b. Failure to provide sufficient, adequate, and competent manpower, supervision, work and safety procedure; and

   c. Failure to provide a safe place to work.

## COUNT II
## CLAIMS FOR NEGLIGENT ASSIGNMENT AND REPETITIVE TRAUMA

7. Plaintiff hereby realleges and reaffirms each and every claim and allegation set forth above as if recited verbatim hereafter.

8.	At all times relevant and material prior to August 28, 2001, while acting within the scope and course of his employment with Defendant, Plaintiff was required to handle certain locklines and rigging wires and otherwise engage in work activities beyond his physical capacity while aboard the M/V LAKIN TERMINAL, M/V PHILIP SPORN and barges, without sufficient, adequate, and safe equipment and/or sufficient and competent supervision, manpower, work and safety procedures, when he was caused on countless occasions to suffer repetitive trauma and contortion of his body resulting in severe and permanent injuries to his neck, back and shoulders.

9.	The above described incidents of negligent assignment and exposure to repetitive trauma with resulting injuries, disability and damage were caused by the negligence of the Defendants and unseaworthiness of the M/V LAKIN TERMINAL, M/V PHILIP SPORN and associated tow including but not limited to the following:

   a.	Negligent assignment of Plaintiff to work activities and duties beyond his physical capacity;

   b.	Negligent exposure of Plaintiff to repetitive trauma and contortion of his body without sufficient, adequate, and competent manpower, supervision, work and safety procedures; and

   c.	Failure to provide a safe place to work.

10.	Defendant's tortious acts and omissions as afore stated within Count I and Count II caused or contributed to Plaintiff's damages, **inter alia**, as follows:

   a.	Pain and suffering, past future;

   b.	Mortification, humiliation, fright shock and embarrassment;

   c.	Loss of earnings and earning capacity;

    d.    Hospital, pharmaceutical and other expenses;

    e.    Aggravation of prior condition, if any there be;

    f.    Inability to engage in social, recreational, and other pursuits previously enjoyed;

    g.    Mental anguish;

    h.    Found.

WHEREFORE, Plaintiff demands trial and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

Respectfully Submitted,

O'BRYAN BAUN COHEN KUEBLER

---

GARY Wm. BAUN (P28758)
KIRK E. KARAMANIAN (#0063787) TA
Attorneys for Plaintiff
401 S. Old Woodward, Ste. 320
Birmingham, MI 48009
Telephone:    (248) 258-6262
Facsimile:    (248) 258-6047
gbaun@obryanlaw.net

Dated:    September 26, 2003