IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

| | |
|---|---|
| TEDDY NICHOLS, | Case No. C-1-02-0045 |
| Plaintiff, | Judge Beckwith |
| v. | |
| INDIANA MICHIGAN POWER COMPANY RIVER TRANSPORTATION DIVISION and/or AMERICAN ELECTRIC POWER FUEL SUPPLY, RIVER TRANSPORTATION DIVISION, | |
| Defendants. | |

### DEFENDANT'S FIRST SUPPLEMENTAL WITNESS LIST

Comes now Defendant, Indiana Michigan Power Company, River Transportation Division and American Electric Power, and pursuant to this Court's Scheduling Order submits the following witness list:

1. **Teddy Nichols, 303 Huttons Trailer Court, Ravenswood, West Virginia 26164.** Nichols is the Plaintiff in this action. It is anticipated that Defendant will present Nichols' deposition testimony in its case and refer to and exhibit his deposition testimony during opening statement and closing argument.

2. **Ruth Nichols, 303 Huttons Trailer Court, Ravenswood, West Virginia 26164.** Ruth Nichols is Teddy Nichols' wife. Defendant expects to elicit testimony from Mrs. Nichols concerning her observation of Plaintiff's injury, including when she first was aware of the injury and what Mr. Nichols told her about the injury.

3. **Timothy Ramey, 46 Thompson Hollow Road, Cheshire, Ohio 45620, (740) 367-

7893). Mr. Ramey is employed by AEP as a deckhand and was working with Plaintiff on the date of his alleged injury. Mr. Ramey will testify consistent with his deposition testimony. He will testify that Nichols was not involved in any accident on the dates alleged and will further testify that Nichols complained of shoulder pain on the morning of August 28, 2001 before work began. Mr. Ramey will testify that the crew had not used the pull-out cable on the day before Nichols' complaints and had not yet begun work when he complained of shoulder pain.

4. **Mark A. Clay, 42916 S.R. 124, Pomeroy, Ohio 45729.** Mr. Clay was the pilot of the M/V Lakin Terminal on the date of Plaintiff's alleged injury. Clay will testify consistent with his deposition testimony of July 30, 2002 and February 12, 2003. Clay will testify Nichols was not involved in any accidental injury on August 27, 28 or 29, 2001. Rather, Plaintiff complained to Clay of shoulder pain, indicating he did not know what caused his shoulder to begin hurting. Clay told Plaintiff that he could not fill out an accident report unless Plaintiff could describe the circumstances of his alleged injury. Plaintiff repeated that he did not know how he hurt his shoulder, but that it was hurting. Clay suggested that he speak with Mike Weisend, the safety manager, to determine how this report should be handled.

Clay will testify that Plaintiff never reported any traumatic injury occurring at work. In addition, he will testify that he did not witness any injury to Nichols.

5. **Charles F. Johnson, 248 Longbottom Road, Chester, Ohio.** Mr. Johnson is employed by Indiana Michigan Power Company as a coal equipment operator at the Phillip Sporn Power Plant. Mr. Johnson will testify in accordance with his deposition taken February 12, 2003. He will testify concerning operations, work and safety procedures followed in unloading coal barges at the Phillip Sporn Power Plant. He will testify that he did not witness any accident or injury

involving Mr. Nichols on the dates in question.

6.     **Jeff Darst, 211 N. 5th Avenue, Middleport, Ohio.** Mr. Darst is employed by Indiana Michigan Power Company as Production Services Leader at the Phillip Sporn plant. He will testify in accordance with his deposition of February 12, 2003.

7.     **Michael A. Weisend, 121 Private Drive, Proctorville, Ohio 10461.** Mr. Weisend is employed by Indiana Michigan Power Company, River Transportation Division, as Health and Safety Supervisor. Mr. Weisend will testify in accordance with his deposition of July 30, 2002. He will identify documents generated in connection with his investigation of Plaintiff's alleged injury, including a statement written by Plaintiff describing the incident in which Plaintiff indicates he began having pain the night before the incident and was not involved in any accident. Weisend will testify concerning safety training, safety rules and policies. He will also testify concerning his interview of other employees and investigation of the alleged incident. Mr. Weisend will testify concerning an investigation of the alleged incident. Mr. Weisend will testify concerning payment of maintenance and cure.

8.     **Steve Edens, AEP MEMCO, 16090 Swingley Ridge Road, Suite 600, Chesterfield, MO 63017.** Mr. Edens is employed by AEP MEMCO as Vice President of Human Resources. Edens will testify in accordance with his deposition of November 6, 2002. He will testify concerning safety rules, employment practices and maintenance and cure payments. He will also testify concerning the investigation of the alleged accident involving Plaintiff.

9.     **Dr. David Steele-Family Urgent Care, Huntington, West Virginia.** Dr. Steele will testify by deposition in accordance with his deposition on October 22, 2002.

10.    **Dr. Robert McCleary, Jr., D.O., 2520 Valley Drive, Suite 11, Point Pleasant,**

West Virginia. Dr. McCleary is an orthopedic surgeon who has treated Plaintiff. Dr. McCleary will testify by deposition in accordance with his deposition of October 23, 2002.

11.   **Terry Hopkins, 305 Huttons Trailer Court, Ravenswood, West Virginia 26164, (304) 512-9132.** Mr. Hopkins is Plaintiff's neighbor. He will testify concerning Plaintiff's activities since his alleged injury. He will testify that Plaintiff has been engaged in yard work, moving furniture, and physical altercations since his alleged injury. He will testify that based upon his observation, Nichols appears to be capable of moving freely and performing heavy physical labor.

12.   **Michael Kidd, P.O. Box 1099, St. Albans, West Virginia (304) 562-8591.** Mr. Kidd is a private investigator who performed a criminal background check and surveillance of Plaintiff in January and February of 2003. He will testify concerning the results of the criminal background check and will identify court documents pertinent thereto. He will also testify concerning Nichols' physical activities and will identify surveillance videotape which accurately portrays Nichols' physical activities in January and February, 2003.

13.   **Dr. Arthur Lee, Wellington Orthopaedics and Sports Medicine, 7663 Five Mile Road, Cincinnati, Ohio 45230, (513) 232-6677.** Dr. Lee performed an independent medical examination of Plaintiff and will testify in accordance with his report and Defendants' Expert Disclosure.

14.   **Jennifer Stoeckel, Ph.D., Michael T. Farrell & Associates, 374 Glensprings Drive, Suite 105, Cincinnati, Ohio 45246, (513) 825-6600.** Dr. Stoeckel is a vocational expert who has been retained as an expert witness and will testify in accordance with Defendant's Expert Disclosure.

15.   **John Deck, III, 12236 Old State Road, Chardon, Ohio 44024, (440) 635-0531.**

Jack Deck is a former Coast Guard officer and engineer who will testify as an expert on liability issues in accordance with Defendant's Expert Disclosure.

16. **Michael Brookshire, Ph.D., Michael Brookshire & Associates, 333 12th Street, Suite 3, Dunbar, West Virginia 25064, (304) 766-6384**. Dr. Brookshire is an economist who has been retained as an expert and will testify in accordance with Defendant's Expert Disclosure.

17. **George Cooper, American Electric Power, 644 Riverview Road, Lakin, WV25287, (304) 675-6300**. Mr. Cooper is a pilot employed by AEP aboard the M/V Lakin terminal and similar vessels at the Sporn Plant. He will testify concerning the procedures used for unloading and shifting of barges and will testify the method and equipment used are safe. Mr. Cooper will further testify that he was never aware of any employee complaining of being injured in the manner described by Plaintiff. He will testify that he never became aware of complaints by deck hands that the procedure or equipment used in this process was in any way unsafe. Mr. Cooper will testify that he worked on a regular basis with both Tim Ramey and Teddy Nichols and that neither ever complained to him that any changes should be made in the procedure or equipment used in the unloading process.

18. **Bob Baldwin, American Electric Power, 644 Riverview Road, Lakin, WV25287, (304) 675-6300**. Mr. Baldwin is a mate/deck hand who has worked on many occasions aboard the M/V Lakin terminal and other similar vessel at the Sporn Plant, performing the operation Plaintiff claims to have been involved in at the time of his alleged injury. Mr. Baldwin will testify that the procedures and equipment used for loading and unloading and shifting barges at the facility are safe and that he is unaware of anyone becoming injured in the manner in which Plaintiff alleges. Mr. Baldwin will testify that he has performed these duties on many occasions and has never been jerked,

or injured, in placing the pull-out cable as alleged by Plaintiff.

18. All witnesses listed by Plaintiff.

Respectfully submitted,

_____
Todd M. Powers, Esq.
Attorney for Defendant
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4212 (telephone)
(513) 583-4203 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been sent to the following this **30th** day of December, 2003.

Gary Wm. Baun, Esq.
O'Bryan Baun Cohen Kuebler
401 South Old Woodward, Suite 320
Birmingham, MI 48009

_____
Todd M. Powers, Esq.