**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**AT CINCINNATI**

| | | |
|---|---|---|
| TEDDY NICHOLS, | : | Case No. C-1-02-0045 |
| | : | |
| Plaintiff, | : | Judge Sandra Beckwith |
| | : | Magistrate Judge Timothy Hogan |
| v. | : | |
| | : | |
| INDIANA MICHIGAN POWER COMPANY | : | |
| RIVER TRANSPORTATION DIVISION | : | |
| and/or AMERICAN ELECTRIC POWER | : | |
| FUEL SUPPLY, RIVER TRANSPORTATION | : | |
| DIVISION, | : | |
| | : | |
| Defendants. | : | |

<u>**DEFENDANT'S MOTION FOR ADVISORY JURY**</u>

COME NOW Defendants, Indiana Michigan Power Company River Transportation Division and American Electric Power Fuel Supply, River Transportation Division, and move this Court to empanel an advisory jury pursuant to Federal Rule of Civil Procedure 39(c). This Motion is based upon the attached Memorandum.

Respectfully requested,

_____**s/ Todd M. Powers**_____
Todd M. Powers (OH #0027122)
Attorney for Defendants
**Schroeder, Maundrell, Barbiere & Powers**
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
513-583-4212 Phone
513-283-4203 Fax
**Email**  tpowers@schroederlaw.com

## MEMORANDUM

Plaintiff Teddy Nichols ("Plaintiff") filed the instant action on January 22, 2002 alleging negligence pursuant to the Jones Act, 46 App. U.S.C. § 688, breach of the General Maritime Law warranty of seaworthiness, and maintenance and cure. In August 2001, Plaintiff was working for Defendants Indiana Michigan Power Company River Transportation Division and American Electric Power Fuel Supply, River Transportation Division ("Defendants") as a deckhand aboard the M/V Phillip Sporn II. (Complaint, ¶ 4). The allegations asserted in the Complaint stem from a shoulder injury allegedly sustained by Plaintiff while handling haul-out cables.

Plaintiff was granted leave and filed his First Amended Complaint on March 4, 2003. Although Plaintiff's Motion for Leave to File First Amended Complaint was premised on his revocation of the jury demand contained in the initial Complaint, Plaintiff's First Amended Complaint likewise contained a jury demand. Plaintiff was again granted leave to amend his Complaint on September 14, 2003. Plaintiff's Second Amended Complaint does not demand a jury and includes a Rule 9(h) designation. The inclusion of a Rule 9(h) designation in the Second Amended Complaint negates the right of either party to a trial by jury. Fed. R. Civ. P. 38(e).

Although a trial on the merits before a jury is no longer legally permissible, Defendants respectfully request this Court empanel an advisory jury in accordance with the provisions of Federal Rule of Civil Procedure 39(c). Rule 39(c) reads, in pertinent part, as follows:

> In actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, . . ., the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Advisory juries may be empaneled to assist the court in its fact finding functions, to aid in

the consideration of the evidence, and serve the interests of justice.  *See*, *Chicago & N.W. Ry. Co. v. Minnesota Transfer Ry. Co.*, 371 F.2d 129 (8th Cir. 1967); *Reed v. Riddle Airlines*, 266 F.2d 314 (5th Cir. 1959).  A court sitting in admiralty retains complete freedom to adopt in whole or in part or totally disregard the findings of an advisory jury. *American River Transp. Co. v. Paragon Marine Services, Inc.*, 213 F. Supp. 2d 1035, 1054 (E.D. Mo. 2002); *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071 (5th Cir. 1985).  The ultimate responsibility for finding the facts remains with the court.  *Wilson v. Prasse*, 463 F.2d 109, 116 (3rd Cir. 1972); *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126 (5th Cir. 1966).

The use of a jury in an advisory capacity does not deprive the parties of what is in effect a trial to the bench, since the jury acts merely as an aid to the court and the judge bears the ultimate responsibility for findings.  Further, the role of an advisory jury does not affront the aim of Civil Rule 52(a), which requires the court to find the facts and separately state its conclusions of law. Therefore, under this schematic, Plaintiff's election to proceed in admiralty without a jury is not oppressed.

In the instant action, an advisory jury would be highly advantageous in assisting the Court parse through the highly factual evidence.  Plaintiff asserts he was injured as a result of handling a haul-out cable.  While working as a deckhand, Plaintiff participated in the shifting of loaded barges from a nearby fleet to a coal unloader at the Phillip Sporn Power Plant.  Once  the barges are emptied, the empty barge is replaced by a load barge.  Switching out the now empty barge and the load barge requires the deckhand standing on the empty barge to hand the haul-out cable down to the deckhand standing on the load barge.  The haul-out cable is used to secure the barge beneath the unloader and to shift the barge back and forth beneath the unloader so all the coal may be removed.

-3-

The claims asserted by Plaintiff do not stem from a traumatic incident involving this procedure.  Rather, Plaintiff claims the repetitive handling of the haul-out cable from the empty barge to the load barge throughout his employment with Defendants caused injury to his shoulder. The allegation of repetitive handling will necessarily implicate the need for Plaintiff, as well as a variety of co-workers who witnessed Plaintiff's handling of the haul-out cable, to testify.  It is certain, given the elongated time frame in question, that the testimony will be inconsistent and vary dramatically amongst the witnesses.  A factual determination from testimony with this type of anticipated permutations in the facts, will necessarily turn on the credibility of the witnesses. Resolving facts based on the evidence and credibility of the witnesses is one of the quintessential roles of the civil jury.  Allowing an advisory jury to assist the Court in this regard would not only be worthwhile, but highly effective.

In addition to probable variations in testimony from fact witnesses, the expert opinions rendered in this case to date are greatly contradictory, creating an even more highly factualized setting in which the determination of liability will be based.  Due to the indispensable role of the civil jury in weighing the facts presented them and, if necessary, determining damages, an advisory jury would serve an invaluable role to the parties and the Court in the case at bar.

The use of an advisory jury in the instant action will preserve the Court's role as the ultimate fact finder, will not disturb Plaintiff's decision to proceed in admiralty without a jury, and yet provides the opportunity for a jury to provide a utilitarian finding for consideration by the Court. For each of the foregoing reasons, Defendants respectfully request the Court empanel an advisory jury.

Respectfully requested,


_____**s/ Todd M. Powers**_____
Todd M. Powers #0027122
Attorney for Defendant
**Schroeder, Maundrell, Barbiere & Powers**
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
513-583-4212 Phone
513-283-4203 Fax
**Email**  tpowers@schroederlaw.com


## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was sent by electronic filing and/or regular U.S. Mail to the following this 20th day of April, 2004.


Gary Wm. Baun, Esq.
O'Bryan Baun Cohen Kuebler
401 South Old Woodward, Suite 320
Birmingham, MI  48009


_____**s/ Todd M. Powers**_____
Todd M. Powers #0027122
Attorney for Defendant
**Schroeder, Maundrell, Barbiere & Powers**
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
513-583-4212 Phone
513-283-4203 Fax
**Email**  tpowers@schroederlaw.com