UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

TEDDY NICHOLS,

    Plaintiff,

-vs-                                  Case No: C-1-02-0045

INDIANA MICHIGAN POWER COMPANY
RIVER TRANSPORTATION DIVISION and/or
AMERICAN ELECTRIC POWER FUEL SUPPLY,
RIVER TRANSPORTATION DIVISION
Jointly and severally,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ADVISORY JURY**

    NOW COMES Plaintiff, TEDDY NICHOLS, by and through counsel undersigned, O'BRYAN BAUN COHEN KUEBLER, and hereby responds to Defendants' Motion for Advisory Jury as is more particularly set forth in the attached Memorandum.

                                          Respectfully Submitted,

                                          O'BRYAN BAUN COHEN KUEBLER


                                          <u>s/ Gary Wm. Baun</u>
                                          Gary Wm. Baun (P28758)
                                          O'BRYAN BAUN COHEN KUEBLER
                                          401 S. Old Woodward
                                          Ste. 320
                                          Birmingham, MI 48009
                                          Telephone:   248-258-6262
                                          Facsimile:    248-258-6047
                                          gbaun@obryanlaw.net

Dated:  April 29, 2004

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of April, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                        s/ Gary Wm. Baun

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

TEDDY NICHOLS,

    Plaintiff,

-vs-                                  Case No: C-1-02-0045

INDIANA MICHIGAN POWER COMPANY
RIVER TRANSPORTATION DIVISION and/or
AMERICAN ELECTRIC POWER FUEL SUPPLY,
RIVER TRANSPORTATION DIVISION
Jointly and severally,

    Defendants.
_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE
## TO DEFENDANTS' MOTION FOR ADVISORY JURY

Defendants' Motion for Advisory Jury should be viewed by this Court as nothing more than an affront to the competency of this Court to make the appropriate findings of fact and conclusions of law from the factual and legal issues that form the basis of this conflict. Further, Defendants' Motion is nothing more than a smoke and mirrors end run to deprive Plaintiff of the benefits of his statutory right to elect a trial by jury or by the Court pursuant to the Jones Act, 46 U.S.C. §688, et seq.

It is admitted that Teddy Nichols commenced this action pursuant to Complaint filed with this Court on January 22, 2002 alleging negligence pursuant to the Jones Act, 46 U.S.C. §688, and further, pursuant to the General Maritime Law of the United States alleging breach of Defendants' warranty of seaworthiness, and maintenance and cure. On March 4, 2003, pursuant to Agreed Order, Plaintiff was granted leave to amend his Complaint in order to accurately state his claim that on

August 28, 2001, while acting in the scope and course of his employment with Defendants, Indiana Michigan Power Company River Transportation Division and American Electric Power Fuel Supply, River Transportation Division, as a deckhand aboard the M/V LAKIN TERMINAL, he sustained severe and permanent injuries to his neck, back and shoulders while handling haul out cables (First Amended Complaint, ¶3 and ¶4). Defendants' assertion that Plaintiff's Motion for Leave to File First Amended Complaint was premised on a revocation of jury demand is obviously incorrect, as the Agreed Order Granting Leave for Plaintiff to Amend Complaint clearly states "[t is hereby ordered that Plaintiff be granted leave to file his First Amended Complaint as attached identifying the date of injury as August 28, 2001, and the vessel upon which he was employed at the time of the subject incident as the M/V Lakin Terminal." (Agreed Order Granting Leave for Plaintiff to Amend Complaint dated March 3, 2003).

Plaintiff's Complaint and First Amended Complaint both contain jury demands; Plaintiff asserting his statutory right to elect trial by jury pursuant to the Jones Act, 46 U.S.C. §688, et seq.

The Jones Act, 46 U.S.C. §688(a) provides, in pertinent part:

"Application of railway employee statutes: jurisdiction. Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply . . ." (emphasis added)

F.R.C.P. 38 which governs the right to jury trial provides, in pertinent part, as follows at F.R.C.P. 38(a):

"Right preserved. The right of trial by jury as declared by the Second Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties in violate." (emphasis added)

It is clear from the plain language of the Jones Act, U.S.C. §688(a), that the seaman Plaintiff,

2

to the exclusion of the vessel owner or employer "may, at his election, maintain an action for damages at law, with the right of trial by jury." Thus, pursuant to F.R.C.P. 38(a), the right of trial by jury as given by statute, 46 U.S.C. §688(a), shall be preserved to the seaman plaintiff in violate. It is unquestionably the seaman Plaintiff's right, at his election, to choose trial by jury or to the court, and not the vessel owner or employer.

Under the applicable law as pled, Plaintiff has the sole option of electing to try his action on the admiralty side of the court, waiving his right to a jury trial. Panama R Co. v Johnson, 264 U.S. 375, 391; 44 S.Ct. 391, 395; 68 L.Ed. 748 (1924). Plaintiff may also prosecute his action through federal question jurisdiction pursuant to the Jones Act with the exclusive option of demanding or waiving a jury at his election. The Jones Act gives only the seaman plaintiff the right to choose a jury trial. Linton v Great Lakes Dredge Dock & Company, 964 F2d 1480, 1490 (5th Cir. 1992). In either instance, it is Plaintiff's exclusive election of having his claims tried to the bench or a jury. Linton, 964 F2d at 1489-1490. A seaman plaintiff, is not compelled by the Jones Act to elect a jury if he chooses to try his Jones Act claim as a civil action, it is simply a right that he possesses, and not the Defendant.[1] The Jones Act has been consistently construed by federal courts to allow only the Plaintiff the right to elect a trial by jury. It is clear that the Jones Act does not confer on the Defendant the right to a trial by jury. Craig v Atlantic Richfield Co., 19 F3d 472, 476 (9th Cir. 1992); Gibbs v Lewis & Clark Marine, Inc., 298 Ill. App.3rd 743, 745 (1998).

Since the Jones Act confers the right to a jury trial solely upon the seaman plaintiff, he may

---

[1] The only instance in which a defendant may claim to have a right to a jury trial is where a plaintiff predicates his Jones Act related claims on diversity jurisdiction. Rachal v Ingram Corp., 795 F2d 1210, 1213 (5th Cir. 1986). This is not such a case.

3

amend his complaint to withdraw a jury demand by invoking admiralty jurisdiction pursuant to F.R.C.P. 9(h) or pursuant to motion at his election, notwithstanding the fact that he may have originally demanded a jury. <u>Rachal</u> v <u>Ingram Corp.</u>, 795 F2d 1210, 1215 (5th Cir. 1986).

F.R.C.P. 15(a) provides that a party may amend his pleadings by leave of court; and "leave shall be freely given when justice so requires."

On March 3, 2003, Plaintiff filed "Plaintiff's Motion for Leave to Amend Complaint and/or Waive Jury Demand" (ECF Docket Event No. 21). Attached to Plaintiff's Motion was an Order Granting Plaintiff Leave to Amend Complaint and/or Waive Jury Demand and Exhibit A (Second Amended Complaint). In contrast, whereas Plaintiff's First Amended Complaint is entitled "First Amended Complaint and Demand for Jury Trial" with a "wherefore" clause which clearly demanded a trial by jury (First Amended Complaint and Demand for Jury Trial, ECF Docket Event No. 23). Plaintiff's Second Amended Complaint attached to his Motion as Exhibit A is entitled simply "SECOND AMENDED COMPLAINT" with a "Wherefore" clause which simply "demands trial and judgment." (Exhibit A to ECF Docket Event No. 21).

Defendant failed to object or respond to Plaintiff's Motion for Leave to Amend Complaint and/or Waive Jury Demand for over five months, whereupon the Court issued an Order to Show Cause for the denial of Plaintiff's Motion for Leave to Amend Complaint and/or Waive Jury Demand, August 19, 2003 (ECF Docket Event No. 34). Again, Defendant neither objected or responded. and on September 14, 2003, this Court entered an Oder granting Plaintiff's Motion for Leave to Amend Complaint and/or Waive Jury Demand (ECF Docket Event No. 35). Following the entry of the Court's Order on September 14, 2003, Defendant did not move for rehearing or relief pursuant to F.R.C.P. 59(e) or F.R.C.P. 60(b), or otherwise move the court for the relief presently

4

requested. Thereafter, Plaintiff filed "Plaintiff's Motion for Order Granting Plaintiff Leave to File Third Amended Complaint" (ECF Docket Event No. 37, with attachment No. 1). Plaintiff's Motion was again unopposed, and an Order was entered granting Plaintiff's Motion to Amend Complaint January 8, 2004 (ECF Docket Event No. 41).

From the outset, Plaintiff claimed that he suffered severe and permanently disabling injuries to his neck, back, and shoulders as a result of a traumatic incident which occurred during the course and scope of his employment aboard the M/V LAKIN TERMINAL August 28, 2001. During the course of discovery, however, it became apparent that Defendant would attempt to defend Plaintiff's claims through an affirmative defense contending that any injuries or disabilities suffered by Plaintiff did not result from an incident of trauma which Plaintiff may have suffered August 28, 2001, but instead a pre-existing condition. The basis for Plaintiff's Motion for Order Granting Plaintiff Leave to File Third Amended Complaint was simply to amend his Complaint to conform to the evidence in Defendants' apparent affirmative defenses. Notwithstanding, the instant action remains a maritime personal injury cause of action, whereby Teddy Nichols alleges that he sustained injuries and disability within the course and scope of his employment as a result of the negligence of Defendants, as his employers, pursuant to the Jones Act, 46 U.S.C. §688, et seq, and through breach of Defendants' duty to provide a seaworthy vessel and maintenance and cure under the General Maritime Law, nothing more and nothing less. Now, more than a year after Plaintiff filed his initial Motion to Amend Complaint and/or Waive Jury Demand (March 3, 2003); eight months after this Court issued an Order to show cause to Defendants for denial of Plaintiff's motion for leave to amend complaint and/or waive jury demand (August 8, 2003); and seven months after this Court issued its Order granting Plaintiff's motion for leave to amend Complaint and/or waive jury demand

(September 14, 2003), Defendant, as an end run, seeks relief to which it was not entitled to, and did not request for over a year. The relief which Defendant seeks is nothing less than an attempt to deprive Plaintiff of or dilute his statutorily conferred right to "at his election, maintain a cause of action for damages at law, with a right of trial by jury . . ." (46 U.S.C. §688(a)). A right which F.R.C.P. 38(a) declares "shall be preserved to the parties in violate." (F.R.C.P. 38(a)).

As the basis for its present Motion, Defendant cites F.R.C.P. 39(c), which is inapplicable on its face. F.R.C.P. 39(c) states, in pertinent part:

> "In all actions <u>not triable of right</u> by a jury, the court upon motion or its own initiative may try any issue with an advisory jury . . ." (Emphasis added)

F.R.C.P. 39(c), by its own language, only applies to actions not triable of right by jury. In the instant action, a maritime personal injury action prosecuted under the Jones Act, 46 U.S.C. §688(a), <u>et seq.</u>, Plaintiff alone does indeed possess the right to trial by jury, a right, which Plaintiff has elected to waive. It should be noted that none of the cases cited by Defendant are on point or actually support Defendants' request for relief. None of the cases involve personal injury claims prosecuted under the Jones Act, or the Federal Employer's Liability Act, 45 U.S.C. §51, <u>et seq.</u> (FELA). In <u>Chicago & Northwestern Railway Company</u> v <u>Minnesota Transfer Railway Company</u>, 351 F2d 129, the action was a proceeding on a third-party complaint filed against two-third party defendant railroads by the railroad against whom a FELA action had been brought by a deceased employee's representatives. Significantly, in that action, however, the underlying FELA action by the deceased employee's representatives had already been settled, and the court had called an advisory jury with respect to the third party complaint filed by the decedent's employer railroad against two third party defendant railroads. Thus, the court calling an advisory jury at that juncture did not impinge on the

6

deceased employee's representative's rights of election of a trial to the court or to jury as provided by the FELA.  Similarly, in In Re Incident Aboard D/B Ocean King, 758 F2d 1063, the owners and operators of an oil lease and drilling rig brought a personal injury and property damage suit against the manufacturer of an allegedly defective blow-out preventer.  There is nothing in the opinion which even suggests that any claims for personal injury or death were prosecuted pursuant to the Jones Act in conjunction with action.  Notwithstanding, prior to trial, Defendant's ODECO and Cities settled all personal injury and wrongful death claims.  Thereafter, the case proceeded to trial with ODECO, Cities and Getty suing Hydril (the blow-out preventer manufacturer).  None of the cases cited by Defendant in support of their claim for relief for empanelment of an advisory jury involve a personal injury or wrongful death plaintiff's claim prosecuted pursuant to the Jones Act or the FELA which statutorily invest a right to trial by jury or to the court solely in the plaintiff.

Defendants claim incorrectly that Plaintiff's Second Amended Complaint does not demand a jury and includes a Rule 9(h) designation.  Plaintiff's Second Amended Complaint does not include such a designation.  Plaintiff's Third Amended Complaint does in fact include a Rule 9(h) designation; however, Defendant is incorrect that this designation negates the right of "either" party to a trial by jury.  Defendant never had a right to trial by jury.  Plaintiff, and Plaintiff alone, possessed the right to elect trial by jury or to the court.

The subject cause is a personal injury action very similar to that which was tried to this Court in Perkins v American Electric Power Fuel Supply Co., Inc., 246 F3d 593 (6th Cir.) (Perkins I)(cert denied, 534 U.S. 994, 2001).  Although the Perkins matter involved the same defendant and defense counsel, an advisory jury was not requested or empaneled.  It is interesting that Defendant's present Motion was filed just shortly after Defendant failed to prevail in its last appeal in Perkins on January

7

7, 2004. It is very apparent that Defendant is simply attempting to deprive Plaintiff of or dilute his statutory right of election to trial by jury or to this Court.

WHEREFORE, Plaintiff prays this Honorable Court issue an Order denying Defendant's Motion with prejudice.

Respectfully Submitted,

O'BRYAN BAUN COHEN KUEBLER

s/ Gary Wm. Baun
Gary Wm. Baun (P28758)
O'BRYAN BAUN COHEN KUEBLER
401 S. Old Woodward
Ste. 320
Birmingham, MI 48009
Telephone:   248-258-6262
Facsimile:    248-258-6047
gbaun@obryanlaw.net

Dated: April 29, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Gary Wm. Baun

8